IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JUAN M. TORRES,
    Petitioner,

vs.                                       Case No.:  5:03cv287/MMP/EMT

MONICA WETZEL, Warden,
    Respondent.
_____/

## REPORT AND RECOMMENDATION

    Before the court is a petition for writ of habeas corpus and memorandum filed pursuant to 28 U.S.C. § 2241 (Doc. 1).  Respondent filed an answer to the petition (Doc. 9).  Although Petitioner was given an opportunity to file a reply to the answer (*see* Doc. 13), he declined to do so.

    This matter has been referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  As explained below, this court recommends that the pending petition be dismissed.

I.    BACKGROUND

    Petitioner is a federal inmate housed at the Federal Correctional Institution, Marianna, Florida.  Pursuant to a guilty plea, Petitioner was convicted in the United States District Court for the Southern District of Florida of seven counts of bank robbery and one count of attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (*see* Doc. 1 at 2).  On August 20, 1999, Petitioner was sentenced to eight concurrent terms of seventy (70) months incarceration, three years of supervised release, payment of an assessment of $800.00, and payment of restitution in the amount of $52,117.00 (*id.*, supporting memorandum[1] at 1-2).  Petitioner did not appeal his conviction or

---

[1] Although Petitioner titles the document "Motion to Vacate or Set Aside Restitution Order Causing Hardship Under 18 U.S.C. § 2241," it is in essence a memorandum providing factual and legal support for his section 2241 petition, therefore, this Court will refer to the document as a supporting memorandum.

sentence, nor did he file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 (*see* Doc. 1 at 2, supporting memorandum at 2). In the instant petition, Petitioner challenges the restitution portion of his sentence on the ground that the sentencing court failed to consider "mandatory factors" in initially assessing the amount of restitution, including affidavits from the victims and the fact that the BOP would be collecting restitution while Petitioner was incarcerated (*see* Doc. 1 at 3). Petitioner argues the payment of restitution is currently creating a hardship for him and his family, and it will create a hardship upon his release from incarceration because he will be unable to earn enough to pay living expenses and restitution, and this inability may result in revocation of his supervised release and return to prison (supporting memorandum at 2-3). Petitioner seeks an order of this court vacating the restitution order.

Respondent contends the petition should be dismissed because Petitioner failed to exhaust his administrative remedies, and this Court lacks subject matter jurisdiction to entertain a challenge to a restitution order in a section 2241 proceeding (*see* Doc. 9).[2]

II. ANALYSIS

The power to issue the writ of habeas corpus was granted to the federal courts by the Judiciary Act of 1789. *See* United States v. Hayman, 342 U.S. 205, 211, 72 S.Ct. 263, 96 L.Ed. 232 (1952). The habeas remedy is now codified in section 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States." As noted in Hayman, habeas corpus applications are required to be brought in the district of confinement. *Id.* at 213.

Because courts which had federal prisons within their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28.[3] *See* Hayman, 342 U.S. at 212-14, 218; *see also* Wofford v. Scott, 177

---

[2]Because this Court concludes Petitioner's claim is not cognizable under section 2241, as discussed *infra*, it is unnecessary to address the exhaustion issue.

[3]In relevant part section 2255 provides:
    A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or

F.3d 1236, 1239 (11th Cir. 1999). The language of section 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute was intended to channel challenges to the legality of the <u>imposition</u> of a sentence, while leaving section 2241 available to challenge the illegal <u>execution</u> of an otherwise legally imposed sentence. *See* <u>United States v. Jordan</u>, 915 F.2d 622, 629 (11th Cir. 1990), and <u>Martorana v. United States</u>, 873 F.2d 283, 285 (11th Cir. 1989). Only where section 2255 is inadequate or ineffective to test the legality of detention does the savings clause of section 2255 allow a prisoner to attack his conviction and sentence by filing a petition under section 2241.[4] *See* <u>Wofford</u>, 177 F.3d at 1244.

As an initial matter, the district court is authorized to consider the instant petition because it has jurisdiction over the warden of the federal institution where Petitioner is incarcerated. *See* <u>Braden v. 30th Judicial Circuit Court</u>, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). Nevertheless, as explained below, the court concludes that habeas corpus relief is not available to Petitioner.

It is clear that Petitioner is challenging the imposition, not the execution, of his sentence. Hence, section 2241 is not the proper procedural vehicle for his challenge. *See* <u>Dahlman v. Vazquez</u>, No. 3:02cv163/LAC/MCR (N.D. Fla. Oct. 30, 2002), *aff'd*, No. 02-16232 (11th Cir. June 20, 2003) (unpublished opinion). Furthermore, although claims involving the imposition of sentence are properly brought pursuant to section 2255, both the Eleventh and Fifth Circuits have concluded that section 2255 is not available to a federal prisoner challenging only the restitution portion of his sentence. This is because the section 2255 remedy is limited to those prisoners who claim the right to be released from custody, and an order of restitution does not implicate that right. *See* <u>Blaik v.

---

laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack may move the court which imposed the sentence to vacate, set aside, or correct the sentence.
28 U.S.C. § 2255.

[4]The "savings clause" of section 2255 states:
  An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.
28 U.S.C. § 2255.

United States, 161 F.3d 1341, 1343 (11th Cir. 1998); United States v. Hatten, 167 F.3d 884, 887 (5th Cir. 1999); *see also* Smullen v. United States, 94 F.3d 20, 25-26 (1st Cir. 1996); United States v. Watroba, 56 F.3d 28, 29 n.1 (6th Cir. 1995); Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997); United States v. Thiele, 314 F.3d 399, 401 (9th Cir. 2002). Accordingly, section 2255 review of the instant claim is not available to Petitioner. Notwithstanding, simply because the section 2255 remedy is unavailable to Petitioner, does not make that remedy ineffective or inadequate, such that Petitioner would be entitled to proceed under section 2241. The remedy afforded under section 2241 is not an additional, alternative, or supplemental remedy to that prescribed under section 2255. Charles v. Chandler, 180 F.3d 753, 758 (6th Cir. 1999). Indeed, because Petitioner is not authorized to apply for relief by section 2255 motion, the statute's savings clause and, consequently, the analysis set out in Wofford, should have no applicability to this case at all.

The Eleventh Circuit has held that a challenge to the district court's initial calculation of restitution should be raised at sentencing and on direct appeal. Cani v. United States, 331 F.3d 1210, 1215 (11th Cir. 2003). Having failed to interpose a challenge at those stages, and absent a showing of exceptional circumstances for such failure, a defendant is precluded from advancing a challenge to the initial restitution calculation. *Id.* at 1214.

In the instant case, Petitioner admits he did not object to the restitution calculation at sentencing or on direct appeal (*see* Doc. 1, supporting memorandum at 2, 3). He states the reason he declined to do so was his belief that the amount of restitution would be modified at a later date (*id.*). This belief was based upon a statement in Petitioner's presentence investigation report (PSR) indicating the victim banks had not responded to the probation office's request for affidavits verifying the amounts of loss, and that any difference in the amount stated in the PSR and the affidavits would be indicated in a revised PSR (*id.* at 3, attached page 24 from PSR).[5] Additionally, Petitioner avers the sentencing court advised him the restitution order was subject to modification upon receipt of the outstanding affidavits (*id.* at 2). However, the fact that Petitioner was advised that the amount was subject to modification does not constitute cause for his failure to object to the calculation presented in the PSR. Indeed, the grounds for challenging the restitution amount

---

[5]The PSR indicates the amounts of loss reported in the PSR were based upon initial reports of bank officials to law enforcement (*see* Doc. 1, attached page 24 from PSR).

Case No.: 5:03cv287/MMP/EMT

asserted by Petitioner in the instant habeas petition, namely, lack of verification of the amounts stated in the PSR and the court's failure to consider the hardship Petitioner would suffer by the BOP's collecting restitution while Petitioner was incarcerated, could have and should have been raised at the sentencing proceeding.  Petitioner's failure to object to the restitution calculation at sentencing or on direct appeal, and his failure to show the existence of exceptional circumstances justifying his failure to do so, precludes him from now advancing a challenge to the initial restitution calculation.[6]  *See* Cani, 331 F.3d at 1214.

In sum, Petitioner may not challenge the sentencing court's initial imposition of restitution in this section 2241 petition.

Accordingly, it is respectfully **RECOMMENDED**:

That the habeas petition (Doc. 1) be **DISMISSED** with prejudice.

At Pensacola, Florida, this 30th  day of March, 2005.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[6]This does not mean Petitioner may not seek a modification of the restitution order based upon a change in his economic circumstances that occurred after imposition of the initial order.  *See* Cani, 331 F.3d at 1215.  Petitioner may seek such modification by notifying the sentencing court and the United States Attorney General of "any material change in [his] economic circumstances that might affect [his] ability to pay restitution," pursuant to 18 U.S.C. § 3664(k).  *Id.*  In the instant habeas petition, Petitioner does not allege his economic circumstances have changed in any way since imposition of his sentence; therefore, to the extent Petitioner argues his petition should be liberally construed as a motion under section 3664(k), he has failed to demonstrate an entitlement to relief.  *See id.* at 1216.

Case No.:  5:03cv287/MMP/EMT